# MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 26th day of April, two thousand six.

PRESENT:
    HON. CHESTER J. STRAUB,
    HON. ROBERT D. SACK,
        *Circuit Judges*,
    HON. DAVID G. TRAGER,[*]
        *District Judge.*

United States of America,

                *Appellee*,

    v.

Mildred Miller,

                *Defendant-Appellant.*

SUMMARY ORDER
No. 04-0156

---

ANDREW DEFILIPPIS, law student intern[**] (Kevin J. O'Connor, United States Attorney for the District of Connecticut; William J. Nardini, Assistant United States Attorney for the District of Connecticut, *on the brief*) New Haven, CT, *for Appellee.*

---

[*] The Hon. David G. Trager, United States District Judge, Eastern District of New York, sitting by designation.

[**] Pursuant to Local Rule 46(e), eligible law students may appear before this Court and participate in oral argument.

1

- ISSUED AS MANDATE: 5-23-06

DIST. OF CONN)
03-CR-57
HOU

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 26th day of April, two thousand six.

PRESENT:

    HON. CHESTER J. STRAUB,
    HON. ROBERT D. SACK,
        *Circuit Judges,*
    HON. DAVID G. TRAGER,[*]
        *District Judge.*

(FILED APR 26 2006 — UNITED STATES COURT OF APPEALS, SECOND CIRCUIT, Roseann B. MacKechnie, Clerk)

United States of America,

            *Appellee,*

    v.

Mildred Miller,

            *Defendant-Appellant.*

**SUMMARY ORDER**
No. 04-0156

---

ANDREW DEFILIPPIS, law student intern[**] (Kevin J. O'Connor, United States Attorney for the District of Connecticut; William J. Nardini, Assistant United States Attorney for the District of Connecticut, *on the brief*) New Haven, CT, *for Appellee.*

---

[*] The Hon. David G. Trager, United States District Judge, Eastern District of New York, sitting by designation.

[**] Pursuant to Local Rule 46(e), eligible law students may appear before this Court and participate in oral argument.

1

EILEEN F. SHAPIRO, Brooklyn, NY, *for Defendant-Appellant.*

---

     Appeal from the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

     AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the case is REMANDED to the District Court for resentencing.

---

     Appellant Mildred Miller appeals from an amended judgment entered on February 18, 2004 sentencing her principally to 60 months' imprisonment upon her plea of guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

     Miller urges that the District Court improperly denied her a downward departure on the basis of diminished mental capacity pursuant to § 5K2.13 of the United States Sentencing Guidelines. However, the District Court's denial of Miller's request for a downward departure is not appealable unless the District Court misapprehended the scope of its authority to depart, such as by applying the wrong legal standard. *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005).

     In order to qualify for a departure on the basis of diminished capacity, a defendant must prove by a preponderance of the evidence that she committed the offense "while suffering from a significantly reduced mental capacity" and that there exists a "causal link" between the diminished capacity and the charged offense. *Id.* (internal quotation marks omitted); *see also United States v. Piervinanzi*, 23 F.3d 670, 684 (2d Cir. 1994).

     Although Miller maintains that the District Court applied the wrong legal standard, the record establishes that the District Court carefully set forth the correct legal standard governing

2

diminished capacity departures. Miller seizes on fragments of the sentencing transcript to assert that the District Court took an overly narrow view of the causation element, but an "isolated statement is an insufficient basis from which to conclude" that the District Court misunderstood the applicable legal framework. *Piervinanzi*, 23 F.3d at 684. Indeed, the District Court "clearly inquired into the element of causation and found it to be missing, and accordingly accepted the government's position that 'there's no connection between the diminished capacity and the criminal activity itself.'"[1] *Id.*

Nor can we conclude that the District Court's factual determination with respect to causation is clearly erroneous. *Id.* at 684-85 (reviewing for clear error district court's causation determination); *see also Valdez*, 426 F.3d at 186-87 (same). The District Court ordered that two mental health specialists examine Miller specifically in contemplation of her downward departure motion, and carefully considered the record evidence and counsel's arguments on the issues of Miller's psychological condition and its casual connection to the wire fraud offense. The District Court found causation to be lacking based on the report of Dr. Vladimir Coric of the Department of Psychiatry of Yale University School of Medicine, which set forth that Miller's "poor judgment" led her to commit the offense and her gambling addiction did "not excuse her criminal behaviors in this case[.]" Accordingly, the District Court's factual finding with respect to causation was not clearly erroneous.

Notwithstanding our conclusions set forth above, we remand to the District Court pursuant to *United States v. Fagans*, 406 F.3d 138 (2d Cir. 2005), because the government has

---

[1] In light of the District Court's conclusion as to causation, it did not decide whether Miller's compulsive gambling constituted or created a "significantly reduced mental capacity" within the meaning of U.S.S.G. § 5K2.13.

3

conceded that Miller objected below to the constitutionality of the then-mandatory Sentencing Guidelines and thus is entitled to be resentenced in conformity with *United States v. Booker*, 543 U.S. 220 (2005). *See Fagans*, 406 F.3d at 142.

Accordingly, the case is REMANDED to the District Court for resentencing.

        For the Court:
        Roseann B. MacKechnie, Clerk of Court

By: *Lucille Carr*