|  | UNITED STATES DISTRICT COURT |
|---|---|
| Page 1 | District of Connecticut |

|  |  |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED**<br>**JUDGMENT IN A CRIMINAL CASE**<br>(FAGAN RESENTENCING) |
| v. | CASE NO. *3:03cr57JCH* |
|  | USM NO: *15069-014* |
| MILDRED MILLER |  |
|  | James Genco<br>Assistant United States Attorney |
|  | *Eileen Shapiro*<br>Defendant's Attorney |

**THE DEFENDANT:** pleaded guilty to count <u>one of an information</u>

Accordingly the defendant is adjudicated guilty of the following offense(s):

| **Title & Section** | **Nature of Offense** | **Offense Concluded** | **Count(s)** |
|---|---|---|---|
| 18:1343 | Wire fraud | November 22, 2002 | one |

The sentence imposed is a non-guideline sentence. After consideration of all the 3553(a) factors, the Court imposed a non-guideline sentence principally because of the defendant's health history and current condition and the Court's concern that the Bureau of Prisons is not able to (and has not yet) moved expeditiously to address defendant's current condition, including prompt diagnosis and treatment. Given defendant's history and current abnormal medical circumstances, prompt diagnosis and treatment is essential. Further, the Court determined that the period of imprisonment was sufficient to deter defendant in light of several factors; few prior periods of incarceration and effective compulsive gambling treatment in which defendant participated for approximately two years pre and post -sentencing, and in which she will continue to participate as a special condition . Further in this regard is the fact that the Bureau of Prisons, despite this Court's request at the first sentence, has not been able to provide mental health treatment focused on treatment for pathological gambling.

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**
The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of time served.

**SUPERVISED RELEASE**
Upon release from imprisonment, the defendant shall be on supervised release for a total term of three years. The first six months of Supervised Release shall be on home confinement with electronic monitoring. The defendant shall pay, all or a portion of, the cost of electronic monitoring, based on her ability to pay, in an amount to be determined by the probation officer. The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

    1. The defendant shall participate in a mental health treatment program, with the emphasis on compulsive gambling, approved by the probation officer. She shall pay a portion of the costs associated with treatment, based on her ability to pay, in an amount to be approved by the probation officer.

    2. The defendant shall refrain from gambling and will not enter any establishment known to promote gambling. The defendant will cooperate with the United States Probation Office to be photographed for distribution of photo to gambling establishments to be visible on the premises.

    3. The defendant is prohibited from incurring new credit charges without the approval of the probation office.

    4. The defendant shall authorize release to the United States Probation Officer of any and all financial information/records, including state and federal income tax returns, by execution of a release of financial information form, or by any other appropriate means, as approved by the probation officer.

    5. The defendant shall pay restitution in the domount of $4,765,898, joint and several , with co-defendant, Kevin Morrison (3:02cr332JCH), to HPSC as stated in the separate Order of Restitution to be filed.

    6. If the defendant's medical condition permits, the defendant shall obtain and maintain employment.

**CRIMINAL MONETARY PENALTIES**
The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

| | | |
|---|---|---|
| **Special Assessment:** | $100.00 | as to Count one, due immediately |
| **Fine:** | $0.00 | |
| **Restitution:** | $4,765,898.00 | to be paid in the separate Order of Restitution to be filed as a Special Condition of Supervised Release |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

**The defendant is remanded to the custody of the United States Marshal.**

**12/19/2006**
Date of Imposition of Sentence

/s/Janet C. Hall
_____
Janet C. Hall
United States District Judge
Date:

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

John F. Bardelli
United States Marshal

By _____
Deputy Marshal

**CERTIFIED AS A TRUE COPY**
**ON THIS DATE _____**
**Kevin F. Rowe, Clerk**
**BY: _____**
　　**Deputy Clerk**

# CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ■ (8) The defendant shall cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

(Signed) _____          _____
         **Defendant**                                **Date**


_____          _____
**U.S. Probation Officer/Designated Witness**         **Date**